[L. A. No. 14499. In Bank.—August 22, 1935.]

ROBERT V. MEYER, Respondent, v. M. M. KIRKWOOD et al., Appellants.

GEORGE S. CASE, Respondent, v. M. M. KIRKWOOD et al., Appellants.

Leonard J. Meyberg, P. N. McCloskey and Paul M. Joseph for Appellants.

Walter C. Davison for Respondents.

PRESTON, J.—These causes, to foreclose liens for labor and material and for personal judgment against appellants, were tried together and consolidated for purposes of appeal. They grew out of the same transaction. The claims of lien were abandoned, but plaintiffs had personal judgment against defendants Kirkwood and White, who both appealed.

The liability of appellant White appears clearly from uncontradicted evidence. The liability of appellant, Mrs. Kirkwood, rests upon the inference that she acted partly upon her own initiative but mainly through the agency of her coappellant White, who is her son-in-law. The sole issue is the sufficiency of the evidence to warrant the findings and judgment entered against her.

Not only are we satisfied that the evidence supports the findings and judgment as to Mrs. Kirkwood, but in our view any other conclusion would result in a palpable miscarriage of justice. Enough of the facts will be recited to show the truth of this assertion.

Plaintiff and respondent Meyer, at the request of appellant White, who claimed to be acting in his own right as well as for appellant Kirkwood, his mother-in-law, laid on certain ranch property 1625 feet of 14-inch concrete pipe and 1275 feet of 12-inch concrete pipe, not less than 34 inches under the surface of the ground, and in connection therewith furnished 23 14-inch alfalfa valves, 3 24-inch control stands and 2 14-inch portable hydrants, the whole forming a complete irrigation system upon said property which is located in Riverside County and known in the record as the Wineville land, for the purchase of which property appellant Kirkwood had bound herself in writing by an instrument dated February 14, 1930. The above work was done between March 12 and April 1, 1930, the labor and material furnished being of the admitted reasonable value of $1563.10.

Plaintiff and respondent Case, acting upon the same request, made at the same time, between March 4, 1930, and April 19, 1930, improved 75 acres of the above-mentioned land by plowing, leveling, ridging, seeding and extra disking, all of which work was done for the purpose of permanently im-

proving it for the growing of alfalfa by means of irrigation, the admitted reasonable value of this work being $1455.

The alfalfa seed was furnished by someone and freight thereon prepaid. The bill was for $418.50, paid April 1, 1930, and the invoice was made out by the seller to "Mr. M. M. Kirkwood". There was no Mr. Kirkwood and the inference is too clear for controversy that appellant Kirkwood is the party to whom the seed was billed and by whom the charge therefor was paid, either personally or through someone purporting to act for her. Her deposition was taken but she was not asked by her counsel whether she directly or indirectly paid this item. It was the clear duty of appellants to show who ordered and who paid for this seed if they expected to escape liability for the work and labor performed on said property. In view of the fact that work and labor of said character was in progress during said period of time and involved such open and extensive improvements upon said land, appellant Kirkwood cannot for a moment be absolved of liability on the pretext that she did not know the work was in progress. It is equally incredible that she did not know that her said son-in-law White had sworn to a criminal complaint charging the theft of certain personal property from the place, alleging her to be the owner thereof. White himself admitted that he told his mother-in-law about the trips he was making to the ranch. What could she have thought he was doing on the property, if not acting for its care and improvement?

As above stated, she had agreed to exchange certain property for this Wineville land, by a writing executed February 14, 1930. She entrusted the delivery of this document to her agent, White. Later he signed in her name the escrow instructions necessary to complete the transfer. She thereafter specifically referred to said escrow instructions as subsisting documents by a notice of rescission on the exchange agreement, signed by her and dated May 14, 1930.

In short, plaintiffs performed said labor and furnished said materials at the request of White, and appellant Kirkwood could not have been ignorant of the fact that he was acting in her name. When the bills came in she began to rue her bargain for exchange of properties and then decided also to repudiate these claims for labor and material. The court

below was clearly justified in holding her liable. It is unnecessary to detail further facts.

The judgment is affirmed.

Langdon, J., Shenk, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.